UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:23-cv-20878-KMM

NUBIA VARGAS MAZUERA,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## JOINT SCHEDULING REPORT

Plaintiff Nubia Vargas Mazuera ("Plaintiff") and Defendant Wal-Mart Stores East, LP ("Wal-Mart"), pursuant to S.D. Fla. L.R. 16.1(b)(2) and the Court's Pre-Trial Order [ECF No. 3], jointly submit this Joint Scheduling Report:

**A. Likelihood of settlement.**

While this case is in its infancy, settlement negotiations will be ongoing. The parties will endeavor to resolve this matter as expeditiously as possible and propose a mediation conference.

**B. A discussion of the likelihood of appearance in the action of additional parties.**

At this time, the parties do not believe that any additional parties will appear in this case and are unaware of any third-party claims. As set forth in the proposed schedule set forth below as Appendix A, the parties propose the deadline for the joinder of any additional parties to be July 20, 2023.

**C. Proposed time limits.**

The parties propose that this case be assigned to the standard case management track, given that the parties anticipate a 4-5 day trial. The proposed schedule reflected in Appendix A includes

proposed pre-trial deadlines to join other parties, to amend the pleadings, to file motions, and to complete discovery.

**D.** **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

The parties agree to work diligently to simplify the issues as the case progresses, including discussions as to claims or defenses that may be withdrawn.  The parties anticipate filing motions for summary judgment and have proposed a deadline for filing in the attached appendix.

**E.** **The necessity or desirability of amendments to the pleadings.**

Further amendments do not appear necessary at this time. However, as set forth in the proposed schedule, the parties propose the deadline for the amendment of pleadings to be July 20, 2023.

**F.** **The possibility of obtaining admissions of fact and documents which will avoid unnecessary proof; of possible stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence.**

The parties will in good faith attempt to obtain: (1) admissions of facts and of documents which will avoid unnecessary proof; and (2) stipulations regarding the authenticity and admissibility of certain documents.  The parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

**G.** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The parties will confer in an effort to come to agreements to avoid unnecessary proof and cumulative evidence, including potential stipulations to the authenticity and admissibility of certain documents received via subpoena or through discovery.

**H.** **Suggestions on the advisability of referring matters to a magistrate judge or master.**

At this time, the parties have agreed to refer only discovery matters to a U.S. Magistrate Judge.

**I.** **A preliminary estimate of the time required for trial.**

The parties estimate that the trial will take four (4) to five (5) days. The parties have requested a trial by jury.

**J.** **Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The parties request that a pre-trial conference be held at least fourteen (14) days prior to the commencement of trial.  As set forth in the attached appendix, the parties propose that the Court schedule trial on or after November 11, 2024.

**K.** **Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

Pursuant to the Court's Pre-Trial Order, the parties will exchange initial disclosures. Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1), by March 28, 2023.

## APPENDIX A

## Proposed Schedule

| Pre-Trial Deadline | Proposed Date |
|---|---|
| Exchange of Initial Disclosures | March 28, 2023 |
| Deadline to select a mediator and scheduling of a time, date and place for mediation | May 30, 2023 |
| Deadline to amend the pleadings and join additional parties without leave of the Court | July 20, 2023 |
| The parties shall disclose experts and submit expert reports pursuant to Fed. R. Civ. P. 26(a)(2) | May 10, 2024 |
| The parties shall exchange rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | June 10, 2024 |
| Deadline to complete all discovery | July 9, 2024 |
| Deadline to complete mediation | August 9, 2024 |
| Deadline to file dispositive motions, including those regarding summary judgment, *Daubert,* and motions in *limine* | August 9, 2024 |
| Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. | September 27, 2024 |
| Objections to designations of deposition testimony shall be filed and counter designations of deposition testimony shall be made. Late designations shall not be admissible absent exigent circumstances. | October 21, 2024 |
| Deadline for submission of joint pre-trial stipulation, proposed injury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable. | October 14, 2024 |
| Final Pretrial Conference | October 28, 2024 |
| Jury Trial | November 11, 2024 |

<u>**JOINT DISCOVERY PLAN**</u>

1.  <u>**The date for exchanging initial disclosures pursuant to Rule 26(a)(1)**</u>

Wal-Mart will serve its initial disclosures by March 28, 2023, and filed its Certificate of Interested Parties/Corporate Disclosures by March 28, 2023.

The Plaintiff will serve her initial disclosures by March 28, 2023, and filed her Certificate of Interested Parties by March 28, 2023.

2.  <u>**The subject on which discovery may be needed**</u>

The Plaintiff carries the burden of proof at trial as to (1) duty, (2) breach, (3) causation and (4) damages. Specifically, the Plaintiff must prove by a greater weight of the evidence that Wal-Mart breached a legal duty owed to the Plaintiff and that Wal-Mart's breach caused Plaintiff's alleged damges. Therefore, discovery will be conducted on liability and damages.

3.  <u>**Whether the parties can agree to limit discovery on particular issues through stipulation**</u>

At this time the parties are unable to stipulate to any issues of fact or law which would limit discovery. However, the parties will continue to work together in good faith to determine which issues of fact or law can be stipulated to prior to the trial date. Additionally, the parties will continue in good faith to discuss ways in which issues can be simplified.

4.  <u>**What document discovery is needed**</u>

    a.  **Wal-Mart Stores East, LP.**

Through the process of discovery, Wal-Mart will seek Plaintiff's medical records, diagnostic studies and medical bills generated by Plaintiff's treating physicians before and after her incident at Wal-Mart. Additionally, Wal-Mart anticipates requiring the production of medical liens (if any) generated in connection with the treatment rendered to the Plaintiff as a result of her incident at Wal-Mart. As discovery is ongoing, Wal-Mart anticipates that it will require any

additional documents, which are relevant to the issues in this case, as may be identified throughout the course of discovery.

      **b. Plaintiff**

Through the process of discovery, the Plaintiff will seek records from the Defendant that will go directly to the elements of duty and breach. As discovery is ongoing, the Plaintiff anticipates that it will require any additional documents, which are relevant to the issues in this case, as may be identified throughout the course of discovery.

**5. <u>Whether discovery should be conducted in phases</u>**

The parties do not anticipate conducting discovery in phases. The parties intend to propound written discovery[1] and conduct fact and expert witness depositions in a timely manner and in compliance with the court's discovery deadline.

**6. <u>Whether the parties expect to have disclosures, discovery, or preservation of electronically stored information, and if so, explain:</u>**
      **a. <u>The main information</u>**
      **b. <u>The expected costs of e-discovery; and</u>**
      **c. <u>Whether alternatives to e-discovery are possible</u>**

The parties do not anticipate conducting discovery, disclosures or preservation of electronically stored information via means of e-discovery.

**7. <u>What individuals each side intends to depose</u>**

      **a. Wal-Mart Stores East, LP.**

At this time, Wal-Mart anticipates deposing the Plaintiff, her treating physicians, expert witnesses, and any pre-incident physicians who treated her in connection with any pre-existing

---

[1] The parties previously propounded initial discovery requests upon one another while this matter was pending in state court, but will proceed with discovery in this action now that the Rule 26 conference has been completed.

injuries/medical condition related to her spine and shoulder (if any).  As discovery is ongoing, Wal-Mart anticipates deposing additional individuals who have relevant information pertaining to liability, causation, and damages as they become known and identified through discovery.

**b.  Plaintiff**

At this time, the Plaintiff anticipates deposing the employees of the Defendant who would be in possession of any relevant information to the issues of this case. As discovery is ongoing, the Plaintiff anticipates deposing additional individuals who have relevant information pertaining to liability, causation, and damages as they become known and identified through discovery.

8. **Any issues about claims of privilege or of protection as trial-preparation, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At this time, Wal-Mart maintains that any documents and materials created or authored by Wal-Mart and/ or its attorneys in anticipation of litigation, or preparation for trial and which have not been disclosed, are protected from disclosure pursuant to the work-product privilege. Additionally, Wal-Mart maintains an attorney-client privilege as to any confidential attorney-client communications between Wal-Mart and its attorneys.

Similarly, the Plaintiff maintains that any documents and materials created or authored by Plaintiff and/ or her attorneys in preparation for litigation, or preparation for trial and which have not been disclosed, are protected from disclosure pursuant to the work-product privilege. Also, any confidential attorney-client communications between the Plaintiff and her attorneys are protected from disclosure by the attorney-client privilege.

At this time, neither party is aware of any inadvertently disclosed information or communication which requires the protections afforded by Federal Rule of Evidence 502. If

however, either party inadvertently discloses privileged or protected information, documents or other such materials, the respective party will seek the appropriate protections afforded to it under the Federal Rules.

9. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

At this time, there are no changes to Rule 26(a) which the parties seek to make.

10. **Whether early mediation of a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The parties have agreed to mediate with Manuel Morales, Esq. The parties are working together to set a date and time for the mediation to be conducted in compliance with the Court's mediation deadline.

| | |
|---|---|
| */s/Alberto M. Lara* <br> Alberto M. Lara <br> Florida Bar No. 1002342 <br> southflapleadings@pendaslaw.com <br> alara@pendaslaw.com <br> sramirez@pendaslaw.com <br> THE PENDAS LAW FIRM <br> 2332 Galiano Street <br> Suite 205 <br> Coral Gables, FL 33134 <br> Telephone: 786-930-4447 <br> *Attorney for Plaintiff Nubia Vargas Mazuera* | */s/ Suzette L. Russomanno* <br> Jerry D. Hamilton <br> Florida Bar No.: 970700 <br> jhamilton@hamiltonmillerlaw.com <br> Suzette L. Russomanno <br> Florida Bar No. 751081 <br> srussomanno@hamiltonmillerlaw.com <br> HAMILTON, MILLER & BIRTHISEL, LLP <br> 150 Southeast Second Avenue, Suite 1200 <br> Miami, Florida 33131 <br> Telephone: (305) 379-3686 <br> *Attorneys for Defendant Wal-Mart Stores East, LP* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/Suzette L. Russomanno
Suzette L. Russomanno

## SERVICE LIST

Alberto M. Lara, Esq.
The Pendas Law Firm, P.A.
2332 Galiano Street, Suite 205
Coral Gables, Florida 33134
southflapleadings@pendaslaw.com
alara@pendaslaw.com
sramirez@pendaslaw.com